

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| EMMANUEL A. MEGRELIS, | ) ) | CASE NO. 12-30428-H3-7 |
| Debtor, | ) ) ) | |

ENTERED
03/30/2012

### MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments" (Docket No. 11). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the instant application without prejudice to the filing of a revised application reflecting Debtor's current income. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Emmanuel A. Megrelis ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 19, 2012. Debtor filed the petition pro se, but was represented by counsel at the hearing on the instant application.

On January 24, 2012, Debtor filed the instant application for waiver of the filing fee. In the instant application, Debtor states monthly income of $4,960, and monthly expenses of $6,541, for a family of four.

At the hearing on the instant motion, Debtor testified that the income number he included in the instant application was derived by dividing the income he stated on his 2010 federal income tax return by 12. He testified that he is self-employed, and is paid only if he is able to close deals on contracts. He testified that he was last paid for his work during October or November of 2012.

Debtor testified that he has approximately $200 in a bank account. He testified that he does not have sufficient funds to pay the filing fee in full, and does not have sufficient income to pay the filing fee in installments. The court finds this testimony to be credible.

The instant motion is opposed by Riecke Baumann. Baumann identifies himself in his objection as a "Receiver in cause 2010-01891 - 270th in the District Court 270th Judicial District, Harris County, Texas." (Docket No. 26). In his objection, Baumann asserts that "Debtor has plenty of money, and plenty of non-exempt assets," and that "Debtor is misleading the court." Baumann appeared at the hearing, and presented evidence, but presented no evidence to support these contentions.

Conclusions of Law

Under 28 U.S.C. § 1930(f), the court may waive the filing fee for an individual filing a case under Chapter 7 "if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments."

The debtor in a Chapter 7 case bears the burden of proof by a preponderance of the evidence with respect to qualification for waiver of the filing fee under 28 U.S.C. § 1930(f).  In re Burr, 344 B.R. 234 (Bankr. W.D.N.Y. 2006).

In the instant case, Debtor's credible testimony is that he does not have sufficient income or assets from which to pay the filing fee, either in full or in installments.  However, Debtor's testimony is not consistent with the instant application.  Based on the numbers in the instant application, Debtor's income exceeds 150 percent of the income official poverty line for a family of four.[1]  The court concludes that the relief requested in the instant application should be denied,

---

[1] Income of $2,881.25 reflects 150 percent of the income official poverty line for a family of four for 2012.

without prejudice to the filing of a revised application reflecting Debtor's current income.

Based on the foregoing, a separate Judgment will be entered denying without prejudice the "Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments" (Docket No. 11).

Signed at Houston, Texas on March 30, 2012.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE